IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PATTY L. QUICK                                                                              PLAINTIFF

v.                                         CIVIL NO. 13-2212

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                      DEFENDANT

## MEMORANDUM OPINION

*Pro Se* Plaintiff, Patricia L. Quick, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The applications for DIB and SSI presently before this Court were protectively filed on February 5, 2007, alleging an inability to work since September 16, 2004, due to bipolar disorder, anxiety, chronic pain, fibromyalgia, gastroesophageal reflux disease, abdominal pain, irritable bowel syndrome, and memory problems. (Tr. 107-112). For DIB purposes, Plaintiff maintained insured status through June 30, 2005. (Tr. 55, 113, 766). An administrative hearing was held on December 4, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 7-47, 686-726).

In a written decision dated September 18, 2009, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform unskilled work where interpersonal contact is incidental to the work performed, with no contact with the general public. (Tr. 52-65). The Appeals Council declined review of the ALJ's decision on March 5, 2010. (Tr. 2, 660). Plaintiff appealed this decision in federal district court.

In a decision dated May 11, 2011, the Court remanded Plaintiff's case back to the Commissioner. (Tr. 663-671). The Appeals Council vacated the ALJ's decision, and remanded Plaintiff's case back to the ALJ on June 17, 2011. (Tr. 672). Plaintiff's subsequent applications were associated with the application on remand. (Tr. 602, 674).

On November 29, 2011, a supplemental hearing before the ALJ was held, at which Plaintiff appeared with counsel and testified. (Tr. 560, 599-655).

By written decision dated January 5, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe. (Tr. 563). Specifically, the ALJ found Plaintiff had the following severe impairments: lumbago/sciatica, near morbid obesity, exercise induced asthma, and bipolar disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 567). The ALJ found Plaintiff retained the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can only occasionally climb, balance, stoop, kneel, crouch and crawl, and she must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. In addition, she is limited to work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgment required. The supervision required is simple, direct and concrete.

(Tr. 569). With the help of vocational expert testimony, the ALJ found Plaintiff could perform work as a bench assembler, a laundry worker, and a hand packager. (Tr. 576).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 16, 2013. (Tr. 552-556). Plaintiff now seeks judicial review of that decision. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 9). Both parties were directed to file appeal briefs; however, neither party filed a brief.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § §404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**III.    Discussion:**

    **A.       Insured Status:**

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2005. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of September 16, 2004, her alleged onset date of disability, through June 30, 2005, the last date she was in insured status under Title II of the Act.

In order for Plaintiff to qualify for DIB she must prove that, on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Records and medical opinions from outside the insured period can only be used in "helping to elucidate a medical condition during the time for which benefits might be rewarded." Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir.2006) (holding that the parties must focus their attention on claimant's condition at the time she last met insured status requirements).

    **B.       Subjective Complaints and Credibility Analysis:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional

AO72A
(Rev. 8/82)

restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that Plaintiff indicated in more than one Function Report that she was able to get her daughter up and ready for school; to prepare meals; to perform household chores; and to shop for food, clothing and household items. (Tr. 139, 851). The record further revealed that Plaintiff was home schooling her child in October of 2009, and that she was taking care of her daughter's father on a fairly regular basis in April of 2010. (Tr. 876, 921). In July of 2010, Plaintiff indicated that she was tired of taking care of her ex-husband and father-in-law. (Tr. 962).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, she has not established that she was unable to engage in any gainful activity during the relevant time period. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**C.    RFC Assessment:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005);

Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

After reviewing the entire record, the Court finds there was sufficient evidence for the ALJ to make an informed decision. The Court notes that in determining Plaintiff could perform light work with limitations, the ALJ specifically discussed the relevant medical records and Plaintiff's subjective complaints. The ALJ also discussed the medical opinions of examining and non-examining medical professionals, as well as "other source" medical opinions, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole). The ALJ also took Plaintiff's obesity into account when determining that she could perform light work with limitations. Heino v. Astrue, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal).

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

    **D.**    **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a bench assembler, a laundry worker, and a hand packager. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**    **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

    DATED this 23rd day of September, 2014.

        /s/ *Erin L. Setser*
        HON. ERIN L. SETSER
        UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)